IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WANDA FONDREN,

          Plaintiff,

    v.

FRANK BISIGNANO, Commissioner of
Social Security,

          Defendant.

CIVIL ACTION NO.: 6:25-cv-18

## O R D E R

The Magistrate Judge issued a Report and Recommendation for the Court to affirm the Commissioner's decision. Doc. 18. Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation on February 27, 2026. Doc. 19.

In her Objections, Plaintiff states that the Magistrate Judge errs in three ways. First, Plaintiff asserts the Magistrate Judge errs by concluding that the Administrative Law Judge ("ALJ") accounted for Plaintiff's non-severe mental limitations when assessing Plaintiff's residual functional capacity ("RFC"). Id. at 4–8. Second, Plaintiff asserts that the Magistrate Judge errs by affirming the ALJ's failure to identify and address an apparent conflict between the ALJ's jobs determination and data from The Dictionary of Occupational Titles ("DOT"). Id. at 8–11. Finally, Plaintiff asserts that, because there was not a medical opinion in the record, the Magistrate Judge errs in concluding that substantial evidence supports the ALJ's RFC determination. Id. at 12–15.

To begin, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ adequately accounted for Plaintiff's non-severe mental limitations when assessing Plaintiff's RFC. Id. at 4–8. Plaintiff contends that the ALJ's RFC determination "omits any substantive discussion of

mental evidence" and fails to explain how Plaintiff's non-severe mental impairments "translate . . . into work-related functional restrictions." Id. at 5. Plaintiff states that the ALJ did not explicitly discuss evidence about Plaintiff experiencing hallucinations, anxiety attacks, fatigue, crying spells, and concentration difficulty when determining work-related limitations. Id. Plaintiff also challenges the Magistrate Judge's discussion of the ALJ's analysis of evidence relating to Plaintiff's mental impairments, arguing that these references do not show the ALJ based her conclusions on substantial evidence. Id. at 6–7.

Plaintiff's Objections largely reiterate the same arguments that she made in her initial brief and reply brief. The arguments are unconvincing. A review of the record shows that the ALJ addressed Plaintiff's non-severe mental impairments in sufficient detail. The Magistrate Judge explains that the ALJ thoroughly discussed evidence relating to Plaintiff's mental impairments in the RFC assessment. Doc. 18 at 8–9. And the Magistrate Judge explains that, reading the ALJ's decision as a whole, the ALJ provided enough detail to show a reviewing court that the ALJ assessed the impact of Plaintiff's non-severe mental impairments on her RFC, even if the ALJ did not reference all evidence about mental impairments. Id. at 8 (quoting Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1276 (11th Cir. 2024)). Plaintiff cites no caselaw or facts that show the Magistrate Judge errs. Thus, I **OVERRULE** Plaintiff's first Objection.

Next, Plaintiff asserts that, because the ALJ ignored her mild mental limitations in analyzing Plaintiff's RFC, the ALJ failed to identify and resolve an "apparent conflict." Doc. 19 at 8–11. But Plaintiff does not show that any apparent conflict exists. Instead, Plaintiff implies that that ALJ erred in the RFC determination and, therefore, there was a conflict between the ALJ's conclusion about the number of jobs that exist. Plaintiff states that this argument "flows from the . . . error" of failing to address Plaintiff's non-severe mental limitations in the RFC. Id. at 9.

2

Plaintiff argues that, because the RFC does not account for Plaintiff's non-severe mental limitations, the ALJ could (and, in Plaintiff's view, should) have identified an apparent conflict between Plaintiff's RFC determination and DOT data. Id.

Plaintiff's argument is unconvincing. Plaintiff has not shown a conflict between the DOT definitions and the VE testimony, which is the only type of conflict the ALJ would need to resolve. Furthermore, this argument fails because the Court concurs with the Magistrate Judge's conclusion that the ALJ did not err when accounting for Plaintiff's mental limitations and symptoms in the RFC. Therefore, I **OVERRULE** Plaintiff's second Objection.

Finally, Plaintiff asserts that, because there was not a medical opinion in the record, the Magistrate Judge errs in concluding that substantial evidence supports the ALJ's RFC determination. Id. at 12–15. In support, Plaintiff argues that: (1) the ALJ's RFC determination is conclusory; (2) various cases support her position; and (3) the Magistrate Judge errs because his "'raw data' analysis does not grapple with the core prejudice" that evidence in the record could "plausibly reduce Plaintiff to sedentary work," rather than the RFC to perform light work the ALJ determined. Id. at 13. I address each argument in turn.

Plaintiff's first argument—that the ALJ's RFC determination is conclusory—is unpersuasive. In her Objections, Plaintiff does not show how substantial evidence does not support the ALJ's conclusions beyond stating that Plaintiff's impairments are multi-system and the record includes abnormal imaging and physical exams. Id. at 12. The Magistrate Judge addresses this argument in detail and rejects it, noting that the ALJ provided an extensive discussion of the evidence related to the RFC determination. Doc. 18 at 18. The Magistrate Judge correctly concludes that the ALJ considered the entire longitudinal record of Plaintiff's various impairments

and assessed how those impairments would affect her RFC. Id. While Plaintiff may disagree with the Magistrate Judge's assessment, substantial evidence supports the ALJ's conclusion.

Plaintiff's second argument about the role of various persuasive court decisions is also unconvincing. Plaintiff relies on authority from the First, Fifth, and Seventh Circuits. Doc. 19 at 15. But authority from outside the Eleventh Circuit Court of Appeals is not binding on this Court. Furthermore, the Magistrate Judge relies on controlling authority and persuasive decisions from the Eleventh Circuit in his analysis. Upon review of the record, it is clear Eleventh Circuit caselaw and Social Security Regulations support the Magistrate Judge's conclusions.

Plaintiff next argues that the Magistrate Judge's discussion of the "raw data" issue fails to address other evidence that would have supported a more limited RFC than the one reached by the ALJ. This argument is unconvincing. The Magistrate Judge correctly concludes that the ALJ did not impermissibly interpret raw data in the record and explains that Plaintiff failed to identify information in the record that was too technical for the ALJ to consider. Doc. 18 at 18. Plaintiff does not challenge this conclusion directly, arguing instead that the ALJ's failure to consider a medical opinion was prejudicial because the ALJ could have, with the benefit of a medical opinion, limited Plaintiff to sedentary work. Id. at 13. Plaintiff has not shown that substantial evidence does not support the ALJ's decision. Instead, Plaintiff asks the Court to re-weigh evidence, which the Court cannot do. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm a decision supported by substantial evidence. Id. And as the Magistrate Judge correctly finds, substantial evidence supports the ALJ's RFC determination. Thus, I **OVERRULE** Plaintiff's third Objection.

Thus, after an independent and de novo review of the entire record, I **OVERRULE** Plaintiff's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, as

4

supplemented here, as the Court's opinion. I **AFFIRM** the ALJ's decision and **DIRECT** the Clerk of Court to **CLOSE** this case and entered the appropriate judgment of dismissal.

**SO ORDERED**, this ___17th___ day of March, 2026.

_____
J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA